

\* 5 0 0 9 2 9 6 2 \*
FILED
7/20/2021 2:41 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021L007335

FILED DATE: 7/20/2021 2:41 PM  2021L007335

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | |
|---|---|
| DONNA BURNS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| WAL-MART STORES, INC., individually and | ) |
| d/b/a: WAL-MART SUPERCENTER, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, DONNA BURNS by and through her attorneys, CHUTE O'MALLEY KNOBLOCH & TURCY, LLC, and complaining of the Defendant, WAL-MART STORES, INC. d/b/a WAL-MART SUPERCENTER, states as follows:

### COUNT I - NEGLIGENCE

1. That on March 29, 2020, and for some time prior thereto, the Defendant, WAL-MART STORES, INC. d/b/a WAL-MART SUPERCENTER owned, operated and maintained a retail store located at 9265 159th Street Orland Hills, County of Cook and State of Illinois.

2. That at the aforesaid time and place, the Plaintiff, DONNA BURNS, ("Plaintiff"), was a customer who was legally upon Defendant, WAL-MART STORES, INC. D/B/A WAL-MART SUPERCENTER's, premises.

3. That on or before March 29, 2020, Defendant, WAL-MART STORES, INC. D/B/A WAL-MART SUPERCENTER, installed and/or caused to be placed a certain floor mat which was uneven and/or folded in the entrance to the aforesaid store which was to be used by Defendant's customers and/or guests, including the Plaintiff.

1

EXHIBIT B

\* 5 0 0 9 2 9 6 2 \*

4. That at the aforesaid time and place, the Plaintiff was lawfully inside WAL-MART STORES, INC. D/B/A WAL-MART SUPERCENTER's premises when she tripped on the uneven and/or folded floor mat and fell to the ground.

5. That at all times relevant herein, it was the duty of the Defendant, WAL-MART STORES, INC. D/B/A WAL-MART SUPERCENTER, to exercise ordinary care and caution in the maintenance and operation of the Premises so as to not cause injury to its customers, in particular the Plaintiff.

6. That despite the aforesaid duty, the Defendant, WAL-MART STORES, INC. D/B/A WAL-MART SUPERCENTER, then and there committed one or more of the following careless and negligent acts and/or omissions:

    a. failed to maintain the premises in a safe condition for persons lawfully on the premises, including the Plaintiff, DONNA BURNS;

    b. carelessly and negligently created an uneven and/or folded floor mat to be present at or near the entrance to its premises when Defendant knew or should have known that the presence of the folded floor mat could pose a tripping hazard to persons lawfully on the premises, including the Plaintiff;

    c. failed to warn Plaintiff, DONNA BURNS of the aforesaid dangerous condition created by the folded floor mat, when Defendant knew, or in the exercise of reasonable care, should have known that said warning was necessary to prevent and avoid injury to invitees, especially, Plaintiff;

    d. carelessly and negligently permitted a folded floor mat to be present at or near the entrance to its premises when Defendant knew or should have known that the presence of the folded floor mat could pose a tripping hazard to persons lawfully on the premises, including the Plaintiff;

    e. failed to provide a sufficient and clear entrance on the aforementioned premises when Defendant knew or should have known that a sufficient and clear entrance was necessary to prevent injury to persons lawfully on the premises, especially the Plaintiff;

    f. failed to properly inspect and/or maintain the aforesaid premises, including, but not limited to, the entrance to the aforesaid building;

* 5 0 0 9 2 9 6 2 *

7.  That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions on the part of the Defendant, WAL-MART STORES, INC. D/B/A WAL-MART SUPERCENTER, the Plaintiff was caused to fall proximately sustaining severe and permanent injuries, both externally and internally, and was and will be hindered and prevented from attending to her usual duties and affairs, and has lost and will in the future lose enjoyment of a normal life, both in mind and body. Plaintiff also suffered severe pain and anguish and has further expended and became liable for, and will continue to become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, Plaintiff, DONNA BURNS, demands judgment against the Defendant, WAL-MART STORES, INC. D/B/A WAL-MART SUPERCENTER, in a sum of excess of FIFTY THOUSAND DOLLARS ($50,000.00) and costs of suit.

## COUNT II – PREMISES LIABILITY

1.  That on March 29, 2020, and for some time prior thereto, the Defendant, WAL-MART STORES, INC. d/b/a WAL-MART SUPERCENTER owned, operated and maintained a retail store located at 9265 159th Street Orland Hills, County of Cook and State of Illinois.

2.  That at the aforesaid time and place, the Plaintiff, DONNA BURNS, ("Plaintiff"), was a customer who was legally upon Defendant, WAL-MART STORES, INC. D/B/A WAL-MART SUPERCENTER's, premises.

3.  That on or before March 29, 2020, Defendant, WAL-MART STORES, INC. D/B/A WAL-MART SUPERCENTER, installed and/or caused to be placed a certain floor mat which was uneven and/or folded in the entrance to the aforesaid store which was to be used by Defendant's customers and/or guests, including the Plaintiff.

\* 5 0 0 9 2 9 6 2 \*

4. That at said time and place, there existed the Restatement (Second) of Torts, Section 343 that states in pertinent part:

"A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and fails to exercise reasonable care to protect them against the danger."

The Restatement (Second) of Torts, Section 343 has been adopted by the Illinois Supreme Court and Illinois Appellate Court.

5. That at the aforementioned time and place, the presence of an uneven and/or folded floor mat that was owned and under the control of the Defendant, WAL-MART STORES, INC. D/B/A WAL-MART SUPERCENTER, constituted a dangerous condition on the Premises.

6. That at the aforesaid time and place, and prior thereto, the Defendant, WAL-MART STORES, INC. D/B/A WAL-MART SUPERCENTER, had a duty to exercise reasonable care in the occupancy, possession, management and control of said Premises, so as to prevent injury and harm to the Plaintiff, resulting from hazardous conditions and/or unsafe activities taking place at the Premises.

7. Notwithstanding its duty, at said time and place, the Defendant, WAL-MART STORES, INC. D/B/A WAL-MART SUPERCENTER, individually and by and through its agents, servants, and/or employees, then and there committed one or more of the following careless and negligent acts and/or omissions:

    a.    failed to maintain the premises in a safe condition for persons lawfully on the premises, including the Plaintiff, DONNA BURNS;

    b.    failed to warn Plaintiff, DONNA BURNS of the aforesaid dangerous condition created by the folded floor mat, when Defendant knew, or in the exercise of reasonable care, should have known that said warning was necessary to prevent and avoid injury to invitees, especially, Plaintiff;

FILED DATE: 7/20/2021 2:41 PM 2021L007335



* 5 0 0 9 2 9 6 2 *

FILED DATE: 7/20/2021 2:41 PM 2021L007335

    c.    carelessly and negligently created an uneven and/or folded floor mat to be present at or near the entrance to its premises when Defendant knew or should have known that the presence of the folded floor mat could pose a tripping hazard to persons lawfully on the premises, including the Plaintiff;

    d.    carelessly and negligently permitted a folded floor mat to be present at or near the entrance to its premises when Defendant knew or should have known that the presence of the folded floor mat could pose a tripping hazard to persons lawfully on the premises, including the Plaintiff;

    e.    failed to provide a sufficient and clear entrance on the aforementioned premises when Defendant knew or should have known that a sufficient and clear entrance was necessary to prevent injury to persons lawfully on the premises, especially the Plaintiff;

    f.    failed to properly inspect and/or maintain the aforesaid premises, including, but not limited to, the entrance to the aforesaid building;

8.    That the Defendant, WAL-MART STORES, INC. D/B/A WAL-MART SUPERCENTER, knew, or in the exercise of reasonable and ordinary care, should have known, of the aforesaid unsafe condition in the store Premises. Furthermore, WAL-MART STORES, INC. D/B/A WAL-MART SUPERCENTER had the authority and control over the subject Premises and activities thereon and had the opportunity to remedy the aforementioned unsafe condition, but negligently failed to act.

9.    That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, WAL-MART STORES, INC. D/B/A WAL-MART SUPERCENTER, the Plaintiff was caused to fall proximately sustaining severe and permanent injuries, both externally and internally, and was and will be hindered and prevented from attending to her usual duties and affairs, and has lost and will in the future lose enjoyment of a normal life, both in mind and body. Plaintiff also suffered severe pain and anguish and has further expended and became liable for, and will continue to become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

\* 5 0 0 9 2 9 6 2 \*

FILED DATE: 7/20/2021 2:41 PM 2021L007335

WHEREFORE, Plaintiff, DONNA BURNS, demands judgment against the Defendant, WAL-MART STORES, INC. D/B/A WAL-MART SUPERCENTER, in a sum of excess of FIFTY THOUSAND DOLLARS ($50,000.00) and costs of suit.

Respectfully Submitted,

CHUTE O'MALLEY KNOBLOCH & TURCY, LLC

By: _____
One of Plaintiff's Attorneys

J. Thomas Chute
CHUTE O'MALLEY KNOBLOCH & TURCY, LLC
218 N. Jefferson St. – Suite 202
Chicago, IL 60661
(312) 775-0114
(312) 775-0114
tchute@chutelaw.com
Cook County ID: 62647